Case 2:18-cr-00442 Document 23 Filed in TXSD on 07/19/18 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 19, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 2:18-CR-00442-1 |
| | § | |
| ORALIA LATORRE | § | |

**FINDINGS AND RECOMMENDATION
ON PLEA OF GUILTY**

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure.[1] The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On July 19, 2018, the defendant appeared with counsel before the undersigned Magistrate Judge and pleaded guilty to Count Two (2) of the indictment pursuant to a written plea agreement. The defendant was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

    1.    The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement.

    2.    The defendant was advised that Count Two (2) of the indictment charged her with transporting an undocumented alien in violation of Title 8, United States Code,

---

[1] *See* Special Orders on file with the United States District Clerk.

Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii). The defendant was advised that these sections of Title 8 make it unlawful for any person knowing of the fact that an alien had come to, entered and remained in the United States in violation of law, to knowingly and intentionally transport or move said alien within the United States in furtherance of such violation by means of a motor vehicle.

3.  The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, and the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt. The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the defendant's behalf, and the right to testify on the defendant's behalf or to remain silent. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent.

4.  The defendant was advised that the United States must prove: (1) That an alien had entered or remained in the United States in violation of the law; (2) That the defendant knew the alien was in the United States in violation of law; and (3) That the defendant transported the alien within the United States with intent to further the alien's unlawful presence.

5.  The defendant was advised that the maximum possible sentence included a prison term of up to five years plus a maximum fine of up to $250,000, and a period of supervised release of not more than three years, and that any violation of supervised release could result in an additional prison term of up to a maximum of two years.

The defendant also was advised that even if she received the maximum two year sentence for a violation of supervised release, if she had not completed the full term of supervised release, she could be re-released to supervised release, and if revoked again she could receive up to a two year sentence again. The defendant was advised that this could happen multiple times until she had completed serving her term of supervised release.

The defendant also was advised that a mandatory $100 special assessment applied to this felony conviction. The defendant was further advised a non-indigent person convicted of the instant offense will be assessed an additional $5,000 assessment. See the "Justice for Victims of Trafficking Act of 2015", Pub. L. No. 114-22.

6.  The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range,

possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). The defendant further stated that she understood and had discussed with her attorney how the guidelines might be calculated in her case and applied to her.

7. The parties announced they had reached a written plea agreement. The plea agreement is filed on the Court's electronic docket. The defendant signed the plea agreement, reviewed it with defense counsel and understood the terms of the plea agreement. The plea agreement included a promise that the United States would recommend maximum credit for acceptance of responsibility, a sentence within the applicable guideline range and a recommendation that any remaining counts be dismissed at the time of sentencing. The undersigned advised the defendant that if the Court does not follow the recommendation the defendant will not be allowed to withdraw her plea of guilty for that reason.

8. The plea agreement contained a waiver of her right to appeal and to file any petitions collaterally challenging her conviction. However, the defendant may raise a claim for ineffective assistance of counsel. The defendant stated that she had discussed the appeal waiver with her attorney and she understood that she was knowingly waiving her right to appeal the conviction and sentence.

9. The defendant was advised that if she is not a citizen of the United States, pleading guilty may subject her to removal from the United States, denial of admission to the United States or denial of citizenship.

The defendant stated that she had received a copy of the indictment, she understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty. The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that she understood that if she did not receive the sentence hoped for, she could not withdraw her plea of guilty. The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of transporting undocumented aliens in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(ii) as alleged in Count Two (2) of the Indictment. The defendant agreed with the factual basis provided by the Assistant United States Attorney during the plea proceedings. The factual basis establishes that the defendant is guilty and satisfies the elements of the offense.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## **RECOMMENDATION**

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty of Count Two (2) as charged in the indictment.

Respectfully submitted this 19th day of July, 2018.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).*